UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　　　　Plaintiff,<br>v.<br>ASHLEY CASTILLO,<br>　　　　　　　　　　　Defendant. | Case No.:  17cr1898 WQH<br><br>**ORDER** |

HAYES, Judge,

　　The matter before the Court is the Defendant's motion for sentence reduction and compassionate release pursuant to 18 U.S.C. § 3582(c)(1) (ECF No. 59) filed by the Defendant.

**FACTS**

　　On August 3, 2017, Defendant entered a plea of guilty to importation of methamphetamine in violation of 21 U.S.C. §§ 952 and 960. Defendant admitted that she knowingly drove a vehicle with 18.43 pounds of methamphetamine concealed within the vehicle.

　　At the time of sentencing, the presentence report concluded that Defendant had a criminal history score of 21 resulting in a criminal history category of VI and a guideline

range of 235-293 months. Plaintiff United States concluded that the guideline range was 151-188 months. Defendant requested that the Court sentence her to 84 months in custody.

On May 1, 2018, this Court sentenced Defendant to serve 120 months in the custody of the Bureau of Prisons. Defendant is currently incarcerated at FCI Dublin and scheduled for release on June 10, 2026.

On August 17, 2021, Defendant filed a motion for release under 18 U.S.C. §3582(c)(1)(A). Defendant asserts that her parents are increasingly unable to care for her minor children during her incarceration and her family circumstances support her release. Plaintiff United States further contends that Defendant does not identify family circumstance that would support her release and that the sentencing factors in 18 U.S.C. § 3553(a) continue to support the sentence imposed.

## RULING OF THE COURT

18 U.S.C. § 3582(c)(1)(A) provides:

> The court may not modify a term of imprisonment once it has been imposed except that--
> (1) in any case--
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> (i) extraordinary and compelling reasons warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C. § 3582(c)(1)(A).[1]

Section 1B1.13 of the Sentencing Guidelines, adopted before the First Step Act, addressing a motion for sentence reduction by the Director of the Board of Prisons under 18 U.S.C. § 3582(c)(1)(A) states in relevant part:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after consideration of the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
> (1)(A) Extraordinary and compelling reasons warrant the reduction. . .
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. The commentary to § 1B1.13 lists four circumstances that qualify as "extraordinary and compelling reasons": (A) medical condition of the defendant; (B) age of the defendant; (C) family circumstances; and (D) "Other reasons—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 n.1. The Sentencing Commission's policy statement defines "extraordinary and compelling reasons" to include two categories of family circumstances:

> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

---

[1] Plaintiff United States does not assert that the exhaustion requirement has not been met.

U.S.S.G. § 1B1.13, cmt. n.1(C). "The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam). These guideline provisions are not a limitation on the Court's ability to determine whether a defendant has presented extraordinary and compelling reasons for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

In this case, Defendant admitted that she knowingly entered the United States in a vehicle concealing methamphetamine or some prohibited controlled substance. At the time of sentencing, Defendant had a significant criminal history and a guideline range of 151-188 months. The Court found that the nature and circumstances of the offense were aggravated. Applying the factors under 18 U.S.C. § 3553(a), the Court granted a significant departure and sentenced the Defendant to the custody of the Bureau of Prisons for 120 months. The Court concluded that this was the minimum sentence to satisfy the sentencing factors under 18 U.S.C. §3553(a) based upon the seriousness of the offense and Defendant's serious criminal history.

Section 3553(a) provides that the sentencing court must impose a sentence that is "sufficient, but not greater than necessary … (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner[.]" 18 U.S.C. § 3553(a)(2)(A)-(D). The Court must also consider, among other factors, "the nature and circumstances of the offense and the history and characteristics of the defendant" and the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id*. These factors weigh against reducing the Defendant's sentence in light of the significant departure applied by the Court at the time of sentencing, the seriousness of the offense, and Defendant's

significant criminal history. Reducing this Defendant's sentence to time served would produce an unwarranted disparity among similarly situated defendants and fail to afford adequate deterrence to criminal conduct. A sentence reduction would not be consistent with the factors under § 3553(a) and any applicable policy statement issued by the Sentencing Commission.

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 825-26 (2010). A narrow exception in § 3582(c)(1)(A) provides for a reduction in a final sentence when "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1). In this case, the record does not demonstrate that Defendant's family circumstances are an extraordinary and compelling reason for a reduction of sentence. Many defendants have minor children in the care of aging parents. Defendant has failed to demonstrate factors set forth in 18 U.S.C. § 3553(a) that would support a reduction in the sentence imposed in light of her lengthy criminal history and history of drug addiction.

IT IS HEREBY ORDERED that Defendant's motion for sentence reduction and compassionate release pursuant to 18 U.S.C. § 3582(c)(1) (ECF No. 59) is denied.

Dated: September 29, 2021

Hon. William Q. Hayes
United States District Court