UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>ASHLEY CASTILLO,<br><br>    Defendant. | CASE NO.:  17cr1898-WQH<br><br>**ORDER** |

The matter before the Court is the Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Motion for Sentence Reduction") filed by Defendant Ashley Castillo. (ECF No. 95.)

**BACKGROUND**

On August 3, 2017, Defendant entered a plea of guilty to importation of methamphetamine in violation of 21 U.S.C. §§ 952 and 960. (ECF No. 20.) Defendant admitted that she knowingly entered the United States driving a vehicle with 18.43 pounds of methamphetamine concealed within the vehicle.

In the presentence report, U.S. Probation concluded that Defendant had a criminal history score of 21 resulting in a criminal history category of VI and a guideline range of 235-293 months. (ECF No. 29.) Plaintiff United States concluded that the guideline range was 151-188 months. Defendant requested that the Court sentence her to 84 months in custody.

On May 1, 2018, this Court sentenced Defendant to serve 120 months in the

custody of the Bureau of Prisons ("BOP"). (ECF No. 56.)

On November 16, 2023, Defendant, represented by counsel, filed a Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 77.) Defendant asserted that, during various times between July 2019 and February 2021, she "suffered from regular verbal and sexual harassment at [the Federal Correctional Institute in Dublin, California ('FCI Dublin')] that eventually culminated in multiple occasions of sexual assault," and "[a]lthough her victimizer has been placed on administrative leave, she still lives in daily fear of retaliation or new abuse." *Id*. at 4. Defendant contended that "[h]er mental health is greatly compromised" and "the BOP environment offers no legitimate chance for healing." *Id*. Defendant requested "that this Court grant her motion and reduce her sentence to time served." *Id*. at 4-5.

On February 16, 2024, Plaintiff filed a response in opposition to the motion for sentence reduction. (ECF No. 88.) Plaintiff contended:

> The Court should deny the motion for two reasons. First, no "extraordinary and compelling" reasons under § 3582(c)(1)(A) justify the extraordinary relief of a sentence reduction because, pursuant to the new sentencing guidelines, there is no prerequisite factual finding of sexual abuse and any factual finding has not been unduly delayed. Second, the 18 U.S.C. § 3553(a) factors counsel against release because Defendant has a lengthy criminal record and remains likely to recidivate, as exemplified by her disciplinary record in custody.

*Id*. at 1.

On May 16, 2024, the Court issued an Order denying the motion for sentence reduction. (ECF No. 89.) The found that, "[i]n light of the significant departure applied by the Court at sentencing, the seriousness of the offense, and Defendant's significant criminal history, the Court finds that reducing Defendant's sentence would produce an unwarranted sentencing disparity among similarly situated defendants, fail to protect to the public from further crimes of the Defendant, and fail to afford adequate deterrence to criminal conduct." *Id*. at 7.

On April 24, 2025, Defendant, represented by counsel, filed the pending Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 95.) Defendant asserts that "several circumstances have changed" since her prior motion, and she "has additional documentation to present to the Court." *Id*. at 4. Defendant submits documentation that she and others who were incarcerated at FCI Dublin filed a civil suit against the United States and the BOP. This case was resolved in December of 2024 "as part of a landmark settlement in which $116 million was paid to 116 survivors of sexual abuse at Dublin." *Id*. at 8. Defendant asserts that she is currently incarcerated at FCI Aliceville, where she has "not been able to see her children for years," she "has not been able to see an outside therapist," and "she has been targeted [by inmates and guards] for harassment as retaliation for snitching as well as stemming from pure jealousy of other inmates that she received financial compensation." *Id*. at 8–9. Defendant requests that the Court reduce her sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A).

On May 22, 2025, Plaintiff filed a response stating:

> Upon consideration of the totality of the circumstances provided in her briefing, and noting Defendant's projected release date of August 3, 2026, the United States does not oppose Defendant's motion to reduce her sentence.
>
> Nonetheless, as the Court identified in its Order denying Defendant's prior Motion for Compassionate Release, Defendant has an extensive criminal history, and sustained disciplinary sanctions while in custody. Defendant sustained another infraction at FCI Aliceville for assaulting without serious injury, which appears to be related to the incident involving the iPad discussed in Defendant's Motion. To help transition Defendant and protect the public, the United States recommends the Court modify Defendant's supervised release to include two years of home detention.

(ECF No. 100 at 1.)

On May 23, 2025, Defendant filed a reply. (ECF No. 101.) Defendant states:

> Returning Ms. Castillo to a safe family home environment is crucial to getting her on the right track toward healing and reintegration into society. Home detention would allow for this Court to ensure that Ms. Castillo is properly supervised and deterred from making poor decisions, while also allowing her to obtain the trauma-focused therapy that she desperately needs. Ms. Castillo requests that the Court grant her motion but only impose home detention until August of 2026, when she would have otherwise been released from custody. However, if this Court agrees with the United States that two years home detention is necessary to achieve to goals of § 3553(a), Ms. Castillo would still be extraordinarily grateful for the chance to show the Court that she is truly dedicated to reentering society as a law-abiding citizen.

*Id*. at 2. On June 25, 2025, Defendant submitted a supplemental letter in support of her motion. (ECF No. 102.)

## DISCUSSION

Defendant's Motion for Sentence Reduction is brought pursuant to 18 U.S.C. § 3582(c)(1)(A), which states that, "the court … may reduce the term of imprisonment …, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction."

"Ordinarily, a federal court may not modify a term of imprisonment once it has been imposed." *United States v. Wright*, 46 F.4th 938, 944 (9th Cir. 2022) (quotations omitted). "Congress created a limited exception to this rule by authorizing courts to grant compassionate release when 'extraordinary and compelling reasons' warrant a reduction in sentence." *Id*. (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). "As compassionate release derogates from the principle of finality, it is a narrow remedy, and the court's disposition of a compassionate release motion is discretionary, not mandatory." *Id*. at 944-45 (quotations omitted).

"The First Step Act grants courts the discretion to consider compassionate release motions on an individualized basis," although "the exercise of this discretion is controlled by three substantive considerations." *Id*. at 945 (citations

omitted). "First, the district court must determine whether 'extraordinary and compelling reasons warrant' a sentence reduction." *Id*. (quoting, *inter alia*, 18 U.S.C. § 3582(c)(1)(A)(i)). "Second, the court must evaluate whether a reduction would be 'consistent with applicable policy statements issued by the Sentencing Commission.'" *Id*. (quoting, *inter alia*, 18 U.S.C. § 3582(c)(1)(A)). "Third, the court must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to decide whether the requested sentence reduction is warranted under the particular circumstances of the case." *Id*. (quotation omitted).

Section 1B1.13 of the Sentencing Guidelines contains the Sentencing Commission's policy statement for, among other things, what constitutes "extraordinary and compelling reasons" warranting a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] Defendant relies upon two provisions of §1B1.13: Defendant is the victim of sexual abuse, *see* §1B1.13(b)(4), and a combination of circumstances, *see* §1B1.13(b)(5). For the reasons stated in the Motion for Sentence Reduction, the accompanying exhibits, and Defendant's supplemental letter, the Court finds that Defendant has shown that extraordinary and compelling reasons warrant a sentence reduction and such a reduction is consistent with the policy statement in section 1B1.13(b).

The Court next considers and weighs "the factors set forth in 18 U.S.C. § 3553(a) to decide whether the requested sentence reduction is warranted under the particular circumstances of the case." *Wright*, 46 F.4th at 945; *see* 18 U.S.C. § 3582(c)(1)(A). Section 3553(a) provides that the sentencing court must impose a sentence that is "sufficient, but not greater than necessary … (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just

---

[1] Section 1B1.13 does not act as "a binding constraint on [this Court's] discretion." *Wright*, 46 F.4th at 948; *see United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) ("The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding.").

1  punishment for the offense; (B) to afford adequate deterrence to criminal conduct;
2  (C) to protect the public from further crimes of the defendant; and (D) to provide
3  the defendant with needed education or vocational training, medical care, or other
4  correctional treatment in the most effective manner[.]" 18 U.S.C. § 3553(a)(2). The
5  Court must consider, among other factors, "the nature and circumstances of the
6  offense and the history and characteristics of the defendant" and the "need to avoid
7  unwarranted sentence disparities among defendants with similar records who have
8  been found guilty of similar conduct." 18 U.S.C. § 3553(a)(1), (6).

9        As discussed at sentencing and in the Court's prior order denying the
10 previous motion for sentence reduction, Defendant has a significant criminal
11 history placing her in the most serious criminal history category in the Sentencing
12 Guidelines, the nature and circumstances of the offense of conviction were
13 aggravated, and Defendant has sustained disciplinary sanctions while in custody.
14 However, in light of the significant portion of the sentence Defendant has served,
15 the serious issues discussed in the Defendant's pending motion and attached
16 exhibits, and Plaintiff's non-opposition, the Court finds that the § 3553(a) factors
17 weigh in favor of a sentence reduction. The Court finds that, in light of Defendant's
18 significant criminal history and prison disciplinary sanctions, to help transition
19 Defendant, protect the public, and achieve the goals of § 3553(a), Defendant's
20 supervised release should be modified to include two years of home detention.

## CONCLUSION

22     IT IS HEREBY ORDERED that the Motion for Sentence Reduction
23 Pursuant to 18 U.S.C. § 3582(c)(1)(A) is granted in part as follows. (ECF No. 95.)
24     (A) Defendant's sentence is reduced to time served; and,
25     (B) The Court adds a condition of supervised release of 24 months of home
26     detention. As part of this condition of home detention, Defendant shall be
27     permitted to travel out of the home for employment or to seek employment,
28     schooling, or medical (including mental health) appointments, or for other

1    purposes at the discretion of probation. Probation may impose additional
2    conditions as necessary for Probation to monitor and enforce the period of
3    home detention, such as GPS monitoring.
4    Except as modified herein, all other provisions of the Judgment dated May
5    1, 2018, shall remain in effect.

Dated:  July 7, 2025

                                      Hon. William Q. Hayes
                                      United States District Court